UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHARMECIA F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C24-0035 RSM <br><br> **ORDER AFFIRMING AND DISMISSING THE CASE** |

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the Administrative Law Judge (ALJ) inappropriately dismissed her request for a hearing. Dkt. 11. As discussed below, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

In April 2020, Plaintiff requested a hearing before an ALJ following the agency's denial of her applications. AR 128–29. On a Notice of Hearing dated December 3, 2020, the agency informed Plaintiff her telephone hearing was scheduled for February 25, 2021. AR 93. The notice stated that if Plaintiff does not attend the hearing, the ALJ "may dismiss" Plaintiff's request for a hearing unless Plaintiff is able to provide a good reason for not attending. *Id*. The notice also stated that if Plaintiff would like to change the time and place of the hearing, she

must make the request in writing along with an explanation for the request. AR 94. According to the notice, Plaintiff must ask for the change before either 30 days after the receipt of the notice, or five days before the date of Plaintiff's hearing, whichever is earlier. *Id*. On a letter dated February 11, 2021, the agency reminded Plaintiff of her telephone hearing. AR 80–83. The record shows the agency contacted Plaintiff on the day of her hearing, but another individual answered the call stating the agency had contacted the wrong number and person. AR 79. On March 3, 2021, the agency sent a letter to Plaintiff stating that because she did not participate in her hearing, she will "need to show good cause if [Plaintiff] still want[s] to have a hearing" with an ALJ. AR 76. The record shows the agency subsequently made several attempts to contact Plaintiff to make sure her address or phone number were updated. *See* AR 66–75.

Plaintiff was eventually notified of a new hearing, in person, scheduled for September 19, 2022. AR 48. The Notice of Hearing, dated July 5, 2022, again stated that if Plaintiff does not attend the hearing, the ALJ "may dismiss" Plaintiff's request, unless Plaintiff is able to provide a good reason for not attending. *Id*. It again stated that if Plaintiff would like to change the time and place for the hearing, she must make the request in writing either before 30 days after the receipt of the notice, or five days before the date of Plaintiff's hearing, whichever is earlier. AR 49. On a letter dated July 27, 2022, the agency notified Plaintiff that attempts to reach her by phone have been unsuccessful and that she must update her information as soon as possible. AR 46. On a letter dated August 22, 2022, the agency reminded Plaintiff of her in-person hearing. AR 43. Similar to the previous communications the agency sent Plaintiff, the letter stated that Plaintiff's failure to appear in the hearing may be a cause for dismissal. *Id*.

The record shows Plaintiff contacted the agency three days before her scheduled hearing to ask if she could attend the hearing by phone or postpone the hearing entirely. AR 42. The

ORDER AFFIRMING AND DISMISSING
THE CASE - 2

agency employee indicated he would inform the ALJ of her request. *Id*. An hour before Plaintiff's hearing, the same employee called Plaintiff to notify her that the ALJ denied her request and that she must attend in person in order to speak to the ALJ. AR 41. Plaintiff did not attend the hearing. AR 35–37.

On a letter dated September 22, 2022, the agency informed Plaintiff that because she did not appear at the hearing, she "will need to show good cause if [she] still want[s] to have a hearing with an administrative law judge" by completing, signing, and returning an enclosed form within 10 days. AR 38. On November 21, 2022, the ALJ issued an order of dismissal based on Plaintiff's failure to appear at the hearing and failure to show good cause for missing the hearing. AR 32–37. On November 9, 2023, the Appeals Council denied Plaintiff's request for review of the ALJ's dismissal. AR 4–8.

## DISCUSSION

### 1.     Subject Matter Jurisdiction

The Court first discusses whether it has subject matter jurisdiction to consider this matter. This Court has statutory jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing." 42 U.S.C. § 405(g). Section 405(g) "contains two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable ... requirement that the administrative remedies prescribed by the [Commissioner] be exhausted.'" *Smith v. Berryhill*, 587 U.S. 478, 479 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328, (1976)). The first element is nonwaivable and is satisfied when a claim for benefits is presented to the Commissioner. *Matthews*, 424 U.S. at 328. The second is met upon showing that a claimant has exhausted the remedies set forth in the Social Security Act. *See* 42 U.S.C. § 405(g), (h); *Yellen v. Saul*, 820 F. App'x 615, 616 (9th Cir. 2020); *Subia v. Comm. of Soc. Sec.*,

ORDER AFFIRMING AND DISMISSING
THE CASE - 3

264 F.3d 899 (9th Cir. 2001); *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). By properly filing an application for benefits, Plaintiff has satisfied the first element. *Matthews*, 424 U.S. at 329. As for the second element, Section 405(g) of the Act specifically states, "that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). A claimant obtains the Commissioner's "final decision" about his or her entitlement to benefits only after completing all four steps of the administrative review process: (1) initial determination; (2) reconsideration determination; (3) hearing before an ALJ; and (4) Appeals Council review. *See* 20 C.F.R. §§ 404.900, 416.1400. The question, therefore, is whether the second element is satisfied given the ALJ's dismissal of her request for a hearing.

An ALJ's decision to dismiss a request for a hearing is generally not subject to judicial review because when a claimant fails to appear for a scheduled hearing, there is no "final decision" under Section 405(g) by the Commissioner—thus, the claimant fails to exhaust "'the administrative remedy upon which judicial review depends.'" *See Subia*, 264 F.3d at 902 (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)). More recently, however, the Supreme Court held that when the Appeals Council dismisses a claimant's request for review after obtaining a hearing from an ALJ on the merits, the dismissal "qualifies as a 'final decision … made after a hearing within the meaning of § 405(g)." *Smith*, 587 U.S. at 489. While the Supreme Court did not indicate whether the result would be similar for a claimant who did not receive a hearing on the merits, it did note that "the Court's precedents make clear that a hearing is not always required." *Id*. at 483, n. 17. Other courts have reasoned that this notation appears to suggest that a claimant who has not had a hearing before an ALJ, such as Plaintiff here, does

ORDER AFFIRMING AND DISMISSING
THE CASE - 4

not necessarily lack a "final decision" under Section 405(g).  *See Wilson v. Comm'r of Soc. Sec.*, No. 21-10278, 2021 WL 3878252, at *2–3 (11th Cir. Aug. 31, 2021); *Angel S. v. Comm'r of Soc. Sec.*, Defendant., No. 1:24-CV-3020-RMP, 2024 WL 3623520, at *4 (E.D. Wash. Aug. 1, 2024); *T.W. v. Comm'r of Soc. Sec.*, No. 21-CV-07822-SVK, 2023 WL 2167398, at *3 (N.D. Cal. Feb. 21, 2023); *Curlee v. Comm'r of Soc. Sec.*, No. 1:20-CV-00145-SAB, 2022 WL 993005, at *3 (E.D. Cal. Apr. 1, 2022).  Additionally, "while [Section] 405(g) delegates to the [Social Security Administration] the authority to dictate which steps are generally required … exhaustion of those steps may not only be waived by the agency… but also excused by the courts." *Smith*, 587 U.S at 478 (cleaned up).  Defendant does not raise the issue of subject matter jurisdiction here, therefore the Court construes this as a waiver of the exhaustion argument.

   2.     **The ALJ's Dismissal**

The Court now proceeds to consider whether the ALJ's dismissal of Plaintiff's request for a hearing was proper and whether this matter should be remanded for a hearing on the merits. In doing so, the Court will "restrict its review to the procedural ground that was the basis" for the dismissal. *Smith*, 587 U.S. at 488.  The ALJ's decision should be reviewed "for abuse of discretion as to the overall conclusion, and 'substantial evidence' 'as to any fact.'" *Id.* at 487, n. 19.

The regulations state an ALJ may dismiss a request for a hearing where (1) neither the claimant, nor the person designated to act as the claimant's representative appears for the hearing, (2) the claimant has been notified before the hearing that the request may be dismissed without further notice for a failure to appear, and (3) good cause for the failure to appear has not been found by the ALJ.  20 C.F.R. §§ 404.957(b)(1)(i), 416.1457(b)(1)(i).  A hearing request may also be denied where neither the claimant, nor the representative appears and, within ten

days after the hearing date, the ALJ mails a notice asking why the claimant did not appear and the claimant does not give a good reason for the failure to appear. 20 C.F.R. §§ 404.957(b)(1)(ii), 416.1457 at (b)(1)(ii). In determining good cause, the ALJ will consider any physical, mental, education, or linguistic limitations (including any lack of facility with the English language) the claimant may have. 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2).

The parties agree neither Plaintiff nor her representative appeared before the ALJ on the day of her hearing. Plaintiff, however, contends the agency's notification on the morning of hearing that she could not attend by telephone was not sufficient notice, and thus the ALJ's dismissal of her request for a hearing was not proper. Dkt. 11 at 2–3.

The Court is not persuaded by Plaintiff's argument. The record shows Plaintiff was informed that failure to appear in her hearing may result in the dismissal of her request. *See* AR 43, 48. Further, the regulations provide that a claimant wishing to object to the time or place of his or her hearing must notify the agency "in writing at the earliest possible opportunity, but not later than 5 days before the date set for the hearing or 30 days after receiving notice of the hearing, whichever is earlier." 20 C.F.R. §§ 404.936(e), 416.1436(e). This was communicated to Plaintiff multiple times through the several notices the agency sent to Plaintiff, s*ee* AR 48–53, yet Plaintiff did timely contact the agency in writing. To the extent Plaintiff argues that she did not receive the notices, the record shows Plaintiff admitted to receiving the hearing reminder dated August 22. AR 41. The reminder was sent to the same address the other notices were sent. AR 43–46, 48–53. Additionally, Plaintiff did not respond to the agency's multiple attempts to update her contact information, indicating the agency was using her most recent address.[1] *See*

---

[1] The record shows Plaintiff's counsel contacted the agency to update her address on October 10, 2023, *after* Plaintiff's scheduled hearing. *See* AR 10.

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

AR 66, 71–75.

Plaintiff also alleges she was given permission the day before her hearing to attend by phone and then later told an hour before her hearing that she needed to appear before the ALJ in person. Dkt. 11 at 2. According to the record, Plaintiff contacted the agency three days before her hearing and was not actually given permission to attend by phone—rather, the record indicates her request was only communicated to the ALJ. *See id.* In any case, Plaintiff still did not timely contact the agency. Further, even if Plaintiff had been given permission and that permission was later retracted, as further discussed below, Plaintiff had the opportunity to apprise the ALJ of this situation by responding to the "good cause" request the agency sent to Plaintiff on September 22, but took no steps to do so.

Plaintiff further contends she could not attend the hearing because she suffers from several impairments and wanted to avoid exposure to COVID, and that the ALJ was "likely unaware" of her condition. Dkt. 11 at 3. There is nothing in the record to show this was the case. Plaintiff told the agency employee that she could not attend the hearing because she was not given enough notice. *See* AR 41. As discussed, the agency sent several notices to Plaintiff about her hearing and the steps she needed to take if she wished to object to the time and place of her hearing. Moreover, following Plaintiff's failure to the appear before the ALJ, the agency sent another letter asking Plaintiff to "show good cause" if she still wanted to have a hearing with an ALJ. AR 38. In determining good cause, the ALJ will consider any physical limitations the claimant may have. 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2). Had Plaintiff informed the ALJ of her circumstances by responding to the letter, the ALJ certainly would have been required to consider them before dismissing her request. There is nothing to indicate Plaintiff did so, therefore in dismissing Plaintiff's request, the ALJ did not err.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 13th day of August, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE